UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Melton Boone, | ) | C/A No. 5:17-cv-01160-RMG-KDW |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Willie Eagleton, | ) | |
| Respondent. | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.   Factual and Procedural Background

Melton Boone ("Petitioner") was convicted of forgery on a guilty plea to a probation violation in Oconee County on February 5, 2016. Pet. 1, ECF No. 1. Petitioner indicates that a direct appeal is currently pending in the South Carolina Court of Appeals and acknowledges he has not exhausted his state-court remedies; however, he requests that this court consider his federal habeas-corpus Petition at this time, arguing exhaustion would be "futile" because his sentence expires on February 1, 2018. *Id*. at 3, 5. Petitioner does not include any allegations or proof to support his contention that the required full exhaustion of state-court remedies would take such a long time that he would be precluded from pursuing his federal claims before his state sentence expires.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

2

III. Discussion

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because it is clear that Petitioner has not fully exhausted his state-court remedies. With respect to his 2016 Oconee County conviction and sentence, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but much less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has fully exhausted his state-court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (citing *Braden*). Such considerations should not be dispensed with lightly.

Section 2254's exhaustion requirement provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c). This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. at 276. Before a federal court may consider a habeas claim under § 2254, the petitioner must give the state court system "'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process . . . .'" *Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004) (quoting from *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). That "complete round" of appellate review also includes "discretionary review" such as the filing of a petition for writ of certiorari to the South Carolina Supreme Court seeking review of the dismissal of a post-conviction relief ("PCR") application. *Id*. at 448. In this regard, the South Carolina Supreme Court has specifically stated that a litigant "shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error." *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) (specifically addressing criminal and post-conviction relief appeals).

However, a petitioner need not present his claim to the state courts if state-court remedies are ineffective to protect his rights. 28 U.S.C. § 2254(b). A petitioner has the burden to prove that the state-court remedies are ineffective or futile to protect his or her rights. *See, e.g.*, *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994);

*Cunningham v. Warden, FCI-Bennettsville*, No. 9:10-2105-CMC-BM, 2011 WL 9933741, at * 2 (D.S.C. April 19, 2011). State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings. *See Mathis v. Hood*, 851 F.2d 612 (2d Cir.1988) (six-year delay); *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir.1987) (five-and-one-half year delay); *Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir.1986) (thirty-three month delay); *see generally Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). But, courts have hesitated to excuse exhaustion based on assertions that the petitioner's sentence would expire before the conclusion of the exhaustion process where the petitioner failed to sustain his burden of showing that the case was extraordinary or that the state-court process was ineffective to protect the petitioner's rights. *See, e.g.*, *Thomas v. Vasbinder*, No. 06-CV-10799, 2006 WL 3511147, at *4 (E.D. Mich. Dec. 6, 2006); *Breazeale v. Shultz*, No. CIV.09-2118(NLH), 2009 WL 1438236, at *3 (D.N.J. May 19, 2009); *cf. Ripley v. United States*, No. CIV.A. 5:11-01012, 2014 WL 5486856, at *2 (S.D.W. Va. Oct. 8, 2014) (recommending a finding that § 2241 petitioner's length-of-exhaustion-process futility argument to be unpersuasive); *report and recommendation adopted,* No. 5:11-CV-01012, 2014 WL 5487077 (S.D.W. Va. Oct. 29, 2014).

Here, before Petitioner can be said to have exhausted his state-court remedies, he must first complete the direct-appeal process and, then file and pursue a PCR application in Oconee County. The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 through 17-27-160, is a viable state-court remedy. *Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d at 1170-73 & n.1. If Petitioner files a PCR application, which is later denied by the Court of Common Pleas for Oconee County, he *must* then seek state appellate review of that PCR denial before he can be said to have exhausted his available state remedies. Review of PCR denials is sought in state appellate courts by way of petition for writ of certiorari as provided

under South Carolina Appellate Court Rule 227 and Section 17-27-100 of the South Carolina Code of Laws. Such review must be sought and completed by a state prisoner or else federal collateral review (under either 28 U.S.C. § 2254 or § 2241) of the grounds raised in the PCR application will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 n.27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853-54 (4th Cir. 1984); *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).

Here, Petitioner plainly has not exhausted his state-court remedies. Petitioner currently has a direct appeal of his 2016 Oconee County conviction pending in the South Carolina state appellate courts. ECF No. 1 at 3. Accordingly, he plainly has not filed a PCR application directed to his 2016 conviction in the Oconee County courts. As a result, the numerous grounds for habeas relief ostensibly raised in the Petition filed in this case have not yet been considered and addressed by courts of the State of South Carolina.

In claiming exhaustion would be "futile," Petitioner has presented only speculative assertions as to the length of time briefing will take before the South Carolina Court of Appeals. ECF No. 1 at 3. He alleges that his sentence will expire in "some 9 months," which he asserts is "February 1, 2018." *Id*.[1] He contends that the time required for filing the appeal and briefing in the appeal would make that appeal "futile," but has not provided more. Petitioner also fails to show that his case involves extraordinary circumstances and does not adequately explain why state-court review of his claims would prove futile. Petitioner cannot escape the exhaustion requirement with vague allegations that his criminal sentence will expire before the state process concludes. Thus, futility is not shown in this case.

---

[1] The South Carolina Department of Corrections' inmate-finder function on its internet website indicates that Petitioner's projected release date is February 9, 2018. *See* SCDC, http://public.doc.state.sc.us/scdc-public/ (last consulted May 30, 2017).

6

Because it is clear from the face of the pleadings in this case that Petitioner has several viable state court remedies (direct appeal, PCR, appellate review of PCR) that have not been fully utilized and because Petitioner has not demonstrated futility, this court should not keep this case on its docket while Petitioner is exhausting his state remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971) (federal habeas court should not retain the case on its docket pending exhaustion of state court remedies, but, absent special circumstances, should dismiss the petition); *Salama v. Virginia*, 605 F.2d 1329, 1330 (4th Cir. 1979) (same).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* for failure to exhaust state-court remedies.

IT IS SO RECOMMENDED.

May 31, 2017                                            Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).