IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Melton Boone, | ) | Case No.: 5:17-cv-1160-RMG |
|---|---|---|
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| Willie Eagleton, | ) | |
| Respondent. | ) | |

Plaintiff, a state prison inmate proceeding *pro se*, filed this action seeking habeas relief under 28 U.S.C. § 2254. This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 13) recommending that the Court dismiss the habeas petition without prejudice. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court and summarily dismisses the habeas petition without prejudice.

I. **Legal Standards**

a. *Pro Se* **Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

b. **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II. Discussion

Petitioner acknowledges that he has not exhausted his state-court remedies and that his direct appeal is currently pending with the South Carolina Court of Appeals. He argues that the exhaustion requirement is "futile" in his case because his sentence will expire on February 18, 2018. The Magistrate has explained why this Court should not excuse the exhaustion requirement simply because Petitioner's sentence may expire before he exhausts his state-court remedies. (Dkt. No. 13 at 3-4.) Plaintiff has not filed any objections to the R. & R. This Court finds that the Magistrate has correctly applied the controlling law to the facts of this case.

## III. Conclusion

For the reasons set forth above, this Court adopts the R. & R. and dismisses the habeas petition without prejudice.

## IV. Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 2̱7̱, 2017
Charleston, South Carolina